OPINION
{¶ 1} Defendant-appellant, Tony Winters, appeals the decision of the Clermont County Court of Common Pleas, sentencing him for driving under the influence. We affirm the common pleas court's decision.
 {¶ 2} In August 2002, a patrolman for the New Richmond Police Department stopped appellant for speeding on U.S. 52 in Clermont County. Appellant subsequently failed sobriety tests and was arrested for driving under the influence of alcohol. In November 2002, appellant was indicted on one count of felony driving under the influence in violation of R.C.4511.19(A)(1). Appellant pled guilty to the offense.
 {¶ 3} After a sentencing hearing, the common pleas court imposed a five-year prison sentence, an $800 fine, and a permanent revocation of appellant's driver's license. The court ordered that the five-year prison term be served consecutively to a 30-month term imposed by the court upon revoking community control in a previous felony driving under the influence case. Appellant violated the community control sanction by committing the August 2002 offense.
 {¶ 4} Appellant now appeals the common pleas court's sentencing decision, assigning two errors.
 {¶ 5} Assignment of Error No. 1:
 {¶ 6} "The trial court erred when it imposed the maximum sentence upon appellant."
 {¶ 7} In this assignment of error, appellant argues that the common pleas court erred by failing to determine that the minimum sentence would be inadequate before imposing the maximum sentence. Appellant also argues that the common pleas court's imposition of the maximum sentence violates the "proportionality" provision of R.C. 2929.11(B).
 {¶ 8} We first address appellant's argument concerning the common pleas court's imposition of a sentence greater than the minimum. Before imposing a sentence greater than the minimum, R.C. 2929.14(B) requires a trial court to find that one of the following applies:
 {¶ 9} "(1) The offender was serving a prison term at the time of the offense, or the offender previously had served a prison term.
 {¶ 10} "(2) The court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
 {¶ 11} However, R.C. 2929.14(B) begins with the phrase, "Except as provided in division (C) * * * of this section." Division (C) provides that a trial court can sentence a felony offender to the longest prison term authorized for the offense if the felony offender poses the "greatest likelihood of committing future crimes."
 {¶ 12} The common pleas court found both in its journal entry and orally on the record at the sentencing hearing that appellant posed "the greatest likelihood of recidivism." This finding meets the requirement in R.C. 2929.14(C). A review of the record reveals that the court adequately stated the reasons for this finding, and that the finding is supported by the record. Accordingly, though the court did not make the findings described in R.C. 2929.14(B), there was no error because it was not required to do so. See State v. Baumgartner, 148 Ohio App.3d 281,2002-Ohio-3174, ¶ 43; State v. Moore (Sept. 10, 2001), Fayette App. No. CA2001-01-001. In accordance with R.C. 2929.14(C), the court properly determined that appellant showed "the greatest likelihood of committing future crimes" before it imposed the maximum sentence.
 {¶ 13} We now address appellant's "proportionality" argument. R.C. 2929.11(B) states as follows:
 {¶ 14} "A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."
 {¶ 15} Appellant argues that the maximum five-year sentence is not commensurate with the seriousness of his conduct. We find no merit to this argument. While appellant did not cause great harm in the commission of the offense, his conduct was nevertheless very serious. The court noted the very real possibility that someone could have been killed by appellant's conduct, and that someone could be killed in the future if appellant is not incapacitated. Appellant had a ten-year history of heavy alcohol use and alcohol-related convictions. Appellant told a probation officer that "he drank every day for ten years." He had several previous convictions for driving under the influence and committed the current offense while under community control in another felony driving under the influence case. Appellant was also under a 20-year driver's license suspension at the time of the accident.
 {¶ 16} After thoroughly reviewing the record, we find no merit to appellant's "proportionality" argument. In accordance with R.C. 2929.11(A), the court took into account the overriding purposes for felony sentencing of protecting the public from future crime and punishing the offender. The five-year sentence it imposed was commensurate with the very serious nature of appellant's conduct, especially in light of appellant's criminal history and his proven tendency to mix alcohol and driving.
 {¶ 17} Accordingly, appellant's first assignment of error is overruled.
 {¶ 18} Assignment of Error No. 2:
 {¶ 19} "The trial court erred when it sentenced appellant to serve consecutive terms of imprisonment."
 {¶ 20} In this assignment of error, appellant argues that the common pleas court's decision ordering consecutive sentences is not supported by the record.
 {¶ 21} Pursuant to R.C. 2929.14(E)(4), a trial court may impose consecutive terms of imprisonment if it makes three findings. First, the trial court must find that consecutive sentences are necessary to protect the public from future crime or to punish the offender. R.C. 2929.14(E)(4). Second, the consecutive terms must not be disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. Id. Third, the trial court must also find that one of the following factors listed in R.C. 2929.14(E)(4)(a) through (c) applies:
 {¶ 22} "(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 23} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 24} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 25} When imposing consecutive sentences, the trial court must make the statutorily enumerated findings and give reasons supporting those findings at the sentencing hearing. State v. Comer,99 Ohio St.3d 463, 2003-Ohio-4165, paragraph one of the syllabus. R.C.2929.14(E)(4) does not require the trial court to recite the exact words of the statute in a talismanic ritual to impose consecutive sentences upon an offender. State v. Kelly (2001), 145 Ohio App.3d 277, 281.
 {¶ 26} In accordance with Comer, the court in this case orally stated the required findings on the record at the sentence hearing. The court found that: (1) consecutive sentences were necessary to protect the public from future crime and to punish appellant; (2) consecutive sentences were not disproportionate to the seriousness of appellant's conduct or the danger he poses to the public; and (3) appellant's history of criminal conduct demonstrated that consecutive sentences were necessary to protect the public from future crime.
 {¶ 27} Appellant does not contest the finding that consecutive sentences were necessary to protect the public from future crime and to punish appellant. Appellant also does not contest the finding that his history of criminal conduct demonstrated that consecutive sentences were necessary to protect the public from future crime. However, appellant does argue that the record is insufficient to support the common pleas court's finding that consecutive sentences were not disproportionate to the seriousness of his conduct and the danger he poses to the public.
 {¶ 28} As discussed with respect to appellant's first assignment of error, even though no one was injured as a result of appellant's conduct, his conduct was nonetheless very serious. In addressing the seriousness of appellant's conduct, the common pleas court discussed the real potential for harm both when appellant committed this offense and in the future. The court stated the following: "[i]t's very sad to see someone like [appellant] in this position. But it is also sad for somebody who is driving on 52 and may get creamed by [appellant], and may end up in a wheelchair or may end up dead. And that's pretty sad too. And that is the reality." Appellant had numerous convictions for driving under the influence and showed no signs of overcoming his drinking and driving tendencies. He violated a 20-year license suspension and community control conditions when he committed his most recent offense.
 {¶ 29} Based on our review of the record, we find no error in the common pleas court's determination that consecutive sentences were not disproportionate to the seriousness of appellant's conduct and the danger he poses to the public. The court stated its reasons for this finding on the record and the record supports the finding. Accordingly, appellant's second assignment of error is overruled.
 {¶ 30} Judgment affirmed.
VALEN, P.J., and WALSH, J., concur.