OPINION
{¶ 1} Roy Winstead (hereinafter "Winstead"), appellant herein, appeals the judgment of the Auglaize County Court of Common Pleas, finding him guilty of OMVI in violation of R.C.4511.19(A)(1) and sentencing him to twelve months in the Auglaize County Correctional Center followed by completion of the Western Ohio Regional Treatment and Habilitation ("W.O.R.T.H.") Center program.
 {¶ 2} On March 9, 2003, Douglas Latimer, a patrolman with the Minster Police Department, was conducting a routine traffic stop on South Main Street in Minster, Ohio. While the patrolman was conducting the stop, a man driving a Toyota pick-up truck stopped and asked the officer for directions to New Jasper, Ohio. The patrolman noticed that the pick-up driver's speech was slurred and that he appeared to be confused. He asked the driver to pull over and said he would help him when he was finished with the traffic stop. Patrolman Latimer sent his partner, B.A. Stewart, over to help the pick-up truck driver.
 {¶ 3} After finishing the original stop, the Patrolman Latimer turned his attention to the driver of the pick-up. The driver was identified as Roy Winstead. Patrolman Stewart indicated that he had seen two open bottles of Jack Daniels Country Cooler and an empty can of Bud Light in the vehicle, but Winstead denied that he had been drinking.
 {¶ 4} After further questioning, Winstead stated that he had consumed three or four beers at which point Patrolman Stewart asked Winstead to perform field sobriety tests. Winstead agreed.
 {¶ 5} The officers had Winstead perform the horizontal gaze nystagmus test, the walk and turn test and the one leg stand Due to Winstead's poor performance of these tests, the smell of alcohol and his admission of having consumed alcohol, the patrolmen placed Winstead under arrest for operating a motor vehicle while under the influence of alcohol.
 {¶ 6} Winstead was taken to the Auglaize County Sheriff's Department where he refused to submit to a breath, blood or urine test. He was given a citation for operating a motor vehicle under the influence of alcohol and incarcerated in the Auglaize County Correctional Center.
 {¶ 7} Subsequently, on March 14, 2003, Winstead was indicted for OMVI in violation of R.C. 4511.19(A)(1), a felony of the fourth degree.[1] Bond was set at $50,000. Winstead failed to post bond and continued to be held in the Auglaize County Correction Center.
 {¶ 8} On March 18, 2003 Winstead was arraigned and pleaded not guilty to a violation of R.C. 4511.19(A)(1). At a pre-trial conference May 23, 2003, Winstead changed his plea to guilty. On July 2, 2003, he was sentenced to a total of five years of community control sanctions which included twelve months in the Auglaize County Correctional Center followed by the completion of a six-month program at the W.O.R.T.H. Center. The trial court also imposed special conditions on Winstead's probation, fined him $800.00 and suspended his driver's license.
 {¶ 9} It is from this decision that Winstead appeals, setting forth one assignment of error for our review.
 ASSIGNMENT OF ERROR NO. I The trial court's sentencing of the defendant is contrary tolaw where the total time spent in residential sanctions exceedsone year authorized under Ohio Revised Code, Section2929.16(A)(3).
 {¶ 10} Winstead claims that his sentence exceeds the residential community control sanctions that may be imposed on a fourth degree felony OMVI offender. He argues that the maximum allowable period of incarceration for a first-time, fourth degree felony offender is twelve months as authorized by section (A)(3) of R.C. 2929.16. He asserts that the twelve month term of incarceration can be served in a local jail, a community based correctional facility or an alternative residential facility, as long as the total of all residential community control sanctions does not exceed one year. Winstead, therefore, maintains that the trial court erred by sentencing him to twelve months in the Auglaize County Correctional Center and six months in the W.O.R.T.H. Center, a total of eighteen months.
 {¶ 11} When reviewing the imposition of a felony sentence, an appellate court must review the propriety of the trial court's decision and may only substitute its judgment for that of the trial court on a showing by clear and convincing evidence that the record does not support the sentencing court's findings or is otherwise contrary to law. State v. Kuhlman, Paulding App. No. 11-01-05, 2001-Ohio-2331; R.C. 2953.08(G)(2)(a), (b).
 {¶ 12} The penalties available for fourth degree felony OMVI offenses are different from those available for other fourth degree felonies. Generally, the maximum term of incarceration for a fourth degree felony is eighteen months. See R.C.2929.14(A)(4). The maximum prison term for a fourth degree OMVI offense, however, is substantially longer. R.C. 4511.99 provides that "notwithstanding division (A)(4) of section 2929.14 of the Revised Code," a fourth degree felony OMVI offender "may be sentenced to a definite prison term that shall be not less than six months and not more than thirty months. The court shall sentence the offender in accordance with sections 2929.11 to2929.19 of the Revised Code." R.C. 4511.99(A)(4)(a)(i).[2]
 {¶ 13} R.C. 2929.16 provides a trial court with non-prison alternatives in sentencing a fourth degree felony offender, including the option to impose one or more community residential sanctions. R.C. 2929.16(A) provides:
The court imposing a sentence for a fourth degree felony OMVIoffense under division (G)(1) of section 2929.13 of the RevisedCode may impose upon the offender * * * a community residentialsanction or combination of community residential sanctions underthis section * * *. Community residential sanctions include, butare not limited to, the following:
 (1) A term of up to six months at a community-basedcorrectional facility that serves the county
 (2) Except as otherwise provided in division (A)(3) of thissection and subject to division (D) of this section, a term of upto six months in a jail;
 (3) If the offender is convicted of a fourth degree felonyOMVI offense and is sentenced under division (G)(1) of section2929.13 of the Revised Code, * * * a term of up to one year in ajail less the mandatory term of local incarceration of sixty orone hundred twenty consecutive days of imprisonment imposedpursuant to that division;"
 (4) A term in a halfway house;
 (5)A term in an alternative residential facility.
 (Emphasis added.)
 {¶ 14} Thus, as expressly stated by the applicable statute, R.C. 2929.16 (A)(3) authorizes the trial court to sentence an offender to one year in jail and R.C. 2929.16(A)(1) authorizes the trial court to sentence an offender to six months in a community-based correctional facility. The trial court is not limited to imposing only one of the community residential sanctions, but has the authority to impose a combination of these sanctions on a fourth degree felony OMVI offender. There is nothing in the language of R.C. 2929.16 which limits a sentencing court from ordering that the combination of residential community sanctions be served consecutively. See State v. Barnhouse,
Athens App. No. 02CA22, 2002-Ohio-7082, ¶ 14. Indeed, to do so would frustrate an important purpose of the felony sentencing statutes which is to provide the trial court with options to fashion the most effective punishment for each offender on a case by case basis, taking into consideration the particular circumstances of both the offense and the offender. See R.C.2929.11; R.C. 2929.12.
 {¶ 15} Accordingly, we find that Winstead has not shown by clear and convincing evidence that his sentence is contrary to law.
 {¶ 16} Appellant's assignment of error is overruled.
 {¶ 17} Having found no error prejudicial to appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
Shaw, P.J., concurs.
Bryant, J., dissents.
[1] Before Winstead was arraigned, it was discovered that he had several prior convictions for OMVI in North Carolina and had been classified as a habitual alcoholic offender in that state. Due to the existence of these offenses, pursuant to R.C.4511.99(A)(4)(a)(i), Winstead's violation was classified as a felony of the fourth degree.
[2] The language of R.C. 4511.99 quoted above is that which was in effect March 2003, at the time of Winstead's offense. We note, however, that the statute has since been amended.