OPINION
{¶ 1} Defendant-appellant James Moyar (hereinafter "Moyar") appeals the judgment of the Auglaize County Court of Common Pleas finding him guilty of Operating a Motor Vehicle While Under the Influence of Alcohol and Operating a Motor Vehicle with a Prohibited Alcohol Concentration. Moyar was sentenced to five years of community control sanctions which included eighteen months incarceration in the Auglaize County Correctional Center.
 {¶ 2} On June 6, 2003 at approximately 11:00 p.m., St. Marys Police responded to a complaint by a resident that all-terrain vehicles (ATVs) were being driven through private property near East Elementary School. Patrolman Kim Reiher observed headlights behind the houses near the school and heard the sound of an ATV engine. Patrolman Reiher then saw a three-wheel ATV pull into the road in front of his cruiser. The driver of the ATV was wearing dark clothing and a white baseball cap. Patrolman Reiher activated the lights and honked the horn on his cruiser and followed the ATV as it accelerated down the street. At one point, the driver of the ATV looked back at Patrolman Reiher. Patrolman Reiher testified that he recognized the driver of the ATV to be James Moyar based on previous contact he had with the Moyar family. Patrolman Reiher continued to follow the ATV until the driver turned between houses, causing the patrolman to lose sight of the ATV.
 {¶ 3} Patrolman Reiher then proceeded to Moyar's parents' residence. Approximately ten minutes later, Moyar was found hiding under a camper in his parents' backyard. Moyar was wearing clothing similar to that worn by the driver of the ATV. Other officers recovered a three-wheel ATV 200 yards from the camper.
 {¶ 4} Moyar was placed under arrest and was observed to have bloodshot eyes, a moderate odor of alcohol about his person, slurred speech and was unsteady on his feet. Moyar was taken to the St. Marys Police Department and was asked to perform field sobriety tests, which he refused. Moyar also initially refused a breath, blood or urine test, but subsequently consented to a breath test. The test results were .196 grams of alcohol per 210 liters of breath, in excess of the legal limit. Moyar admitted drinking the equivalent of eight beers earlier in the evening.
 {¶ 5} Moyar was subsequently indicted on charges of Operating a Motor Vehicle while Under the Influence of Alcohol, in violation of R.C. 4511.19(A)(1), a fourth degree felony, as Moyar had three previous OMVI offenses within the past six years. Moyar was also indicted on a charge of Operating a Motor Vehicle with a Prohibited Alcohol Concentration of at least .10 gram per 210 liters of breath, in violation of R.C. 4511.19(A)(6), a fourth degree felony.
 {¶ 6} Moyar pleaded not guilty and the matter proceeded to trial. At the conclusion of the state's case, Moyar moved for acquittal pursuant to Crim.R. 29. Moyar's motion was denied by the trial court. Moyar rested his case without presenting any evidence.
 {¶ 7} The jury returned guilty verdicts on both counts of the indictment. Moyar was subsequently sentenced to one year in the Auglaize County Correctional Center. As Moyar was on post-release control when he was arrested for OMVI, he was also sentenced to an additional residential sanction of six months, to be served consecutive to the one year sentence, for the violation of his post-release control. Moyar was also fined $800.00 and his driver's license was suspended for fifty years.
 {¶ 8} It is from the judgment that Moyar appeals, setting forth three assignments of error for our review.
 ASSIGNMENT OF ERROR NO. I The trial court erred to the substantial prejudice of theDefendant-appellant in overruling Appellant's motion foracquittal of both counts of the indictment in that there wasinsufficient evidence to indicate that Appellant operated the ATVat the time of the alleged felony DUI (OMVI) offense.
 {¶ 9} Through cross-examination at trial, Moyar attempted to show that Patrolman Reiher was mistaken in identifying him, thereby raising reasonable doubt as to whether or not Moyar was the operator of the ATV. Moyar maintains that the trial court erred in denying his Crim.R. 29 motion because there was insufficient evidence for the jury to find beyond a reasonable doubt that Moyar operated the ATV and, hence, insufficient evidence to sustain a conviction for OMVI.
 {¶ 10} Pursuant to Crim.R. 29(A), "[t]he court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the * * * complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses.
* * *." Pursuant to Crim.R. 29(A), a trial court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proven beyond a reasonable doubt. State v. Bridgeman (1978), 55 Ohio St.2d 261. On appeal, the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, anyrational trier of fact could have found the essential elements ofthe crime proven beyond a reasonable doubt. Emphasis added.State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus
 {¶ 11} In support of his argument, Moyar points to evidence adduced at trial that he was riding ATVs with other individuals around East Elementary School on the day of his arrest. Moyar also points out that his cousin, Brandon, was riding an ATV and is similar to Moyar in age, height and build. Moyar argues Brandon could have been mistaken for Moyar by witnesses. Moyar further relies on conflicting witness testimony regarding whether Moyar appeared to be intoxicated when he drove away from the other individuals on the ATV.
 {¶ 12} Other evidence presented at trial, however, included Patrolman Reiher's identification of Moyar. Patrolman Reiher stated he was positive the driver of the ATV was Moyar. Patrolman Reiher testified that he was familiar with Moyar because Moyar's uncle had been his best friend for a number of years and that he had contact with Moyar and Moyar's family for over twenty years. Patrolman Reiher also described the clothing worn by the operator of the ATV which matched the clothing Moyar was wearing when he was found under the camper in his parents' backyard.
 {¶ 13} Viewing the evidence in a light most favorable to the prosecution, we find that there was sufficient evidence introduced that a rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Therefore, we find that the trial court did not err in denying Moyar's motion for acquittal pursuant to Crim.R. 29.
 {¶ 14} Accordingly, Moyar's first assignment of error is overruled.
 ASSIGNMENT OF ERROR NO. II The trial court in its sentencing of Defendant-appellant actedcontrary to law when the court notified Appellant that if imposedconditions of community control sanctions were violated, thecourt could and likely would impose a thirty (30) month term ofimprisonment on Defendant-appellant.
 {¶ 15} Following his conviction, Moyar was sentenced to a total of eighteen months in the Auglaize County Correctional Center. He was sentenced to one year for the fourth degree felony OMVI charge and sentenced to an additional six months for the violation of his post-release control.
 {¶ 16} Moyar argues that the trial court erred when it informed him at the sentencing hearing that he could be sentenced to thirty months in prison if he violated the community control sanctions imposed upon him. He asserts that in the event of a violation of community control sanctions, the trial court would not only be precluded from imposing a thirty-month term of imprisonment, but would be precluded from imposing a prison term at all, pursuant to R.C. 2929.13(G)(1). Moyar contends that a first time fourth degree felony OMVI offender may only be subject to a term of local incarceration and that the maximum term of local incarceration allowable is twelve months.
 {¶ 17} When reviewing the imposition of a felony sentence, an appellate court must review the propriety of the trial court's decision and may only substitute its judgment for that of the trial court on a showing by clear and convincing evidence that the record does not support the sentencing court's findings or is otherwise contrary to law. State v. Kuhlman, Paulding App. No. 11-01-05, 2001-Ohio-2331; R.C. 2953.08(G)(2)(a), (b).
 {¶ 18} R.C. 4511.99 provides penalties for a violation of R.C. 4511.19. The penalties contained in R.C. 4511.99 are different from those available for other fourth degree felonies. Generally, the maximum term of incarceration for a fourth degree felony is eighteen months. See R.C. 2929.14(A)(4). However, in 1999, the General Assembly amended R.C. 4511.99 to allow a substantially longer prison term for fourth degree felony OMVI offenders. See 1999 S.B. 22. The amendment went into effect on May 17, 2000 and was in effect on June 6, 2003, the date of Moyar's offense.[1]
 {¶ 19} The amended version of R.C. 4511.99 provides that "notwithstanding division (A)(4) of section 2929.14 of the Revised Code," a fourth degree felony OMVI offender "may be sentenced to a definite prison term that shall be not less than six months and not more than thirty months. The court shall sentence the offender in accordance with sections 2929.11 to2929.19 of the Revised Code." R.C. 4511.99(A)(4)(a)(i).
 {¶ 20} Based on the language of this statute, we cannot find by clear and convincing evidence that Moyar's sentence is contrary to law. Moreover, the cases cited by Moyar as support for his position interpret sentencing law as it existed before the May 17, 2000 amendment of R.C. 4511.99. We hold that the trial court did not err when it informed Moyar he could be subject to a thirty-month prison sentence for a violation of community control sanctions. See State v. Winstead, Auglaize App. No. 2-03-24, 2004-Ohio-1720 (wherein this court recently recognized the thirty-month maximum sentence when faced with a similar issue regarding sentencing of fourth degree felony OMVI offenders).
 {¶ 21} Accordingly, Moyar's second assignment of error is overruled.
 ASSIGNMENT OF ERROR NO. III In sentencing Defendant-appellant to an additional residentialsanction of six months of local jail for a post release controlviolation to be served consecutive to the twelve months of localjail time imposed as a residential sanction for Appellant'sfelony OMVI conviction, the trial court acted contrary to law.
 {¶ 22} Moyar bases his argument under this assignment of error on his previous contention that the trial court was precluded from imposing a prison sentence on him as a first time fourth degree felony OMVI offender. Moyar claims that, pursuant to R.C. 2929.14.1, any sentence imposed for the violation of post-release control must be predicated on the sentence for the underlying felony.
 {¶ 23} R.C. 2929.14.1 governs sentencing of a person who commits a felony while on post release control and provides the trial court the discretion to impose a prison term for the violation of post release control in addition to any prison termfor the new felony. See R.C. 2929.14.1(B)(1). Emphasis added. Therefore, Moyar asserts, if a prison sentence could not be imposed for the fourth degree felony OMVI, a prison sentence could not be imposed for the post-release control violation.
 {¶ 24} As we have found herein, it was within the trial court's discretion to sentence Moyar to a prison term of up to thirty months as a fourth degree felony OMVI offender. As it was within the trial court's province to sentence Moyar to a prison term for the underlying felony, it was, therefore, within the court's province to sentence Moyar to a prison term for the post-release control violation. Moreover, R.C. 2929.14.1 mandates that "[i]n all cases, a prison term imposed for the [post release control] violation shall be served consecutively to any prison term imposed for the new felony." Emphasis added. Therefore, as required by R.C. 2929.14.1, the trial court did not abuse its discretion in ordering the sentences be served consecutively.
 {¶ 25} Accordingly, Moyar's third assignment of error is overruled.
 {¶ 26} Having found no error prejudicial to appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 Shaw, P.J., and Bryant, J., concur.
[1] R.C. 4511.99 has been amended since the time of Moyar's offense. The provision increasing the maximum sentence for a fourth degree felony OMVI offender, however, remains in effect. See R.C. 4511.19 (G)(1)(d)(i).