JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant Christopher McGonnell appeals from his conviction and the sentence imposed after he entered a guilty plea to a fourth-degree felony charge of driving under the influence of alcohol ("DUI").
 {¶ 2} Appellant complains that the trial judge who took his plea and sentenced him lacked authority to do so, since she was not the judge originally assigned to his case. He further asserts the sentence she imposed complied with neither the applicable Ohio statutes nor the United States Supreme Court's opinion in Blakely v. Washington (2004), 542 U.S. ___, 124 S.Ct. 2531. {¶ 3} A review of the record, however, compels this court to disagree with appellant, and to find the trial judge committed no error. Consequently, appellant's conviction and his sentence are affirmed.
 {¶ 4} Appellant's conviction results from a routine traffic stop. In the late afternoon of February 13, 2004, a Solon police officer noticed a vehicle proceeding westbound on Bainbridge Road was weaving. The officer stopped the vehicle, discovered appellant was driving in spite of having "9 open various suspensions" of his license, and cited appellant for DUI.
 {¶ 5} The case eventually proceeded to the county grand jury, which indicted appellant on one count of DUI with furthermore clauses for three previous DUI convictions. Appellant entered a plea of not guilty.
 {¶ 6} A little over a month later, the case was called for a hearing. When court convened, the trial judge noted for the record that she was "taking the plea on behalf of" the originally-assigned judge, who was "unavailable." The judge immediately asked, "Do both parties and the Defendant waive any objection to this Court taking the plea?" Defense counsel responded, "We waive, your Honor." The prosecutor agreed; appellant made no response.
 {¶ 7} The prosecutor then informed the court appellant had agreed to enter a plea of guilty to the indictment, a fourth-degree felony "punishable by a mandatory term of incarceration * * * of 6 to 30 months," along with additional consequences.
 {¶ 8} After the trial judge ensured defense counsel concurred with the agreement, she asked appellant if he understood everything said up to that point. Appellant answered, "Yes, I do, your Honor."
 {¶ 9} The trial court thereupon conducted a careful colloquy with appellant. Only thereafter was appellant's guilty plea accepted.
 {¶ 10} The court then stated, "It's my understanding that the Defendant is asking to be sentenced today by this Court, is that correct?" Defense counsel answered affirmatively, so the court indicated it again "need[ed] both of you to waive any objection to me handling the [probation violation] and the sentencing." In answer, defense counsel stated, "We will waive." The prosecutor agreed.
 {¶ 11} The trial court listened to defense counsel, a witness for appellant and appellant himself before reviewing appellant's criminal record and stating she counted "13" previous DUI convictions dating from 1979. In addition, appellant had "4 prior prison terms," was "on probation in two cases at the time of this offense," and had "offended in most of the counties in Northeast Ohio." The court observed that appellant was "an amazingly busy man" who "constantly" had been "in trouble" since 1979, thus making him "one of the more offensive (sic) people" it had encountered.
 {¶ 12} Based upon the foregoing, the court sentenced appellant to a prison term of twenty-six months. The original trial judge signed the journal entry of appellant's sentence.
 {¶ 13} Appellant challenges his conviction and sentence with the following three assignments of error:
 {¶ 14} "I. The trial judge did not have authority to sentence Mr. McGonnell to a prison term, since she was not the judge originally assigned to the case, and appellant did not waive his right to have the case heard by the original assigned judge.
 {¶ 15} "II. The trial court committed error when it sentenced Mr. McGonnell to a prison sentence without making necessary statutory findings."
 {¶ 16} "III. The defendant was denied his Sixth Amendment right to a jury trial, because the trial court considered sentencing factors other than prior convictions."
 {¶ 17} Appellant initially argues his conviction and sentence are void on the basis that the originally-assigned trial judge did not conduct the hearing, and appellant himself gave no permission to the substitute to preside over his case. A review of the record renders his argument unpersuasive.
 {¶ 18} When the substituted judge commenced the hearing, in addition to stating that the original judge was "unavailable," she asked the parties if anyone objected to her presence on the bench. Appellant's attorney affirmatively agreed with the substitution. Moreover, appellant, a man with an education that included three years of college, raised no complaint. These circumstances undermine appellant's argument.
 {¶ 19} "In pointing out what is required under the individual assignment system before a case can be transferred from one judge to another, Berger [v. Berger (1983), 3 Ohio App.3d 125] commented that, like other procedural irregularities, these requirements could be waived. Id. at 130. It was emphasized that the substitution of one judgefor another did not go to the jurisdiction of the court or render thejudgment void."
Brown v. Brown (1984), 15 Ohio App.3d 45, 47. (Emphasis added.)
 {¶ 20} Thus, when the record indicates the original judge is unavailable, any party objecting to the reassignment must raise that objection at the first opportunity; otherwise, any claim of error is waived. State v. Brown (May 27, 1993), Cuyahoga App. Nos. 62725-62727, citing State v. Pecina (1992), 76 Ohio App.3d 775 at 778.
 {¶ 21} The record reflects appellant acquiesced in the substitution; accordingly, his first assignment of error is overruled.
 {¶ 22} Appellant next argues the trial judge failed to comply with Ohio's statutory sentencing scheme, which he asserts requires "findings
(sic) of reasonableness, proportionality, consistency," and whether the sentence places an unnecessary burden on "governmental entities." Appellant cites no legal authority for this assertion. Moreover, the record of the hearing contravenes his argument.
 {¶ 23} R.C. 2929.11(A) and (B) set forth the basic principles that underlie felony sentencing decisions in this state. R.C. 2929.12(A) permits the trial court discretion in determining the most effective way to comply with those principles. R.C. 2929.13(A) reminds the court it must refrain from overburdening government resources. None of these sections, however, requires the trial court to make "findings" that a particular sentence imposed for an offense is reasonable, proportional, consistent, and/or unburdensome. State v. Coleman, Cuyahoga App. No. 82394, 2004-Ohio-234.
 {¶ 24} Rather, the trial court must consider certain seriousness and recidivism factors set forth in R.C. 2929.12(B) through (E), determine whether R.C. 2929.13 requires a mandatory prison sentence, and consult R.C. 2929.14 for the minimum and maximum terms that apply. State v.Salter, Cuyahoga App. No. 82488, 2003-Ohio-5652, ¶ 15-20.
 {¶ 25} Appellant pleaded guilty to a charge that he violated R.C.4511.19(A) with three furthermore clauses for previous DUI convictions. Pursuant to R.C. 4511.99(A)(4)(a)(1), R.C. 2929.13(G) and R.C.2929.14(D)(4), the offense was a fourth-degree felony, for which an offender must be sentenced to a "mandatory term" of incarceration, and may be sentenced to a definite prison term of six to thirty months. Statev. Bonds, Cuyahoga App. No. 83866, 2004-Ohio-3483, ¶ 6; State v. Moyar,
Auglaize App. No. 2-03-37, 2004-Ohio-3017, ¶ 19.
 {¶ 26} Before imposing a sentence greater than the minimum term, R.C.2929.14(B)(1) requires the trial court to make a finding that "the offender previously has served a prison term." The trial court in this case made that finding, and, in addition, adequately stated its reason for choosing a near-maximum term, viz., only luck had prevented appellant up to the time of the instant offense from killing someone because of his drunk driving. Based upon the trial court's comments, therefore, appellant's sentence was in compliance with statutory requirements. Statev. Winters, Clermont App. No. CA2003-01-007, 2003-Ohio-6385.
 {¶ 27} Appellant's second assignment of error, accordingly, also is overruled.
 {¶ 28} In a cursory manner, appellant asserts in his third assignment of error that, based upon the recent United States Supreme Court's decision in Blakely v. Washington, supra, the sentence imposed denied him his constitutional right to a jury trial. This court does not accept appellant's assertion.
 {¶ 29} First, the record reflects appellant never raised the constitutionality of the Ohio sentencing statute on any ground as an issue below. State v. Williams (1977), 51 Ohio St.2d 112.
 {¶ 30} Moreover, Blakely is not implicated in this case. The record reflects that in determining the twenty-six month term was appropriate, the trial court relied upon appellant's lengthy criminal record, which included prison terms along with convictions for the same offense.
 {¶ 31} Blakely, on the other hand, applied a previous United States Supreme Court decision to a sentencing proceeding, viz., Apprendi v. NewJersey (2000), 530 U.S. 466, and held that a trial court cannot use any fact other than a prior conviction to sentence a defendant to more than
the statutory maximum, unless that fact was found beyond a reasonable doubt by a jury.
 {¶ 32} The record demonstrates the trial court did not violate appellant's constitutional rights in pronouncing sentence.
 {¶ 33} Accordingly, appellant's third assignment of error also is overruled.
 {¶ 34} Appellant's conviction and sentence are affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Cooney, P.J. and Kilbane, J. Concur.