OPINION
{¶ 1} Defendant-appellant, Lee Timothy Moye, appeals from a judgment of the Franklin County Court of Common Pleas sentencing him to prison after a jury convicted him of one count of felonious assault with a firearm specification. Because the trial court properly sentenced appellant, we affirm that judgment.
 {¶ 2} By indictment filed February 5, 2001, appellant was charged with one count of murder in violation of R.C. 2903.01, and one count of felonious assault in violation of R.C. 2903.11, a felony of the second degree. Both counts also contained a firearm specification pursuant to R.C. 2941.145. A jury convicted appellant of one count of felonious assault and the accompanying firearm specification, but acquitted him of murder. The trial court sentenced appellant to the maximum prison term of eight years for the felonious assault conviction, and an additional three years for the firearm specification conviction. Appellant appealed his conviction to this court, which affirmed appellant's conviction but reversed and remanded the case for re-sentencing. State v. Moye, Franklin App. No. 02AP-568, 2003-Ohio-586. On remand, the trial court sentenced appellant to the same prison term.
 {¶ 3} Appellant appeals, assigning the following error:
An accused's due process rights are violated under Section 10, ArticleI of the Ohio Constitution and the Fifth and Fourteenth Amendments to the United States Constitution, when the trial court abuses its discretion in giving Appellant a maximum sentence without properly considering the factors set forth in Ohio Revised Code §§ 2929.12, 2929.14(C) and2929.19(B)(2)(d), or by making incorrect determinations of fact in considering the same statutory factors.
 {¶ 4} Appellant contends in his assignment of error that the trial court improperly sentenced him to a maximum prison term. An appellate court may not reverse a sentence imposed by the trial court unless the court finds, by clear and convincing evidence, that the sentence is unsupported by the record or is contrary to law. R.C. 2953.08(G)(2);State v. Bragenzer, Pickaway App. No. 01CA15, 2002-Ohio-6156, at ¶ 13. "Clear and convincing evidence" is defined as: "`that measure or degree of proof which is more than a mere "preponderance of the evidence," but not to the extent of such certainty as is required" beyond a reasonable doubt" in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" Id., quoting State v. Schiebel (1990),55 Ohio St.3d 71, 74.
 {¶ 5} Appellant first contends that the trial court erred in not considering the sentencing factors set forth in R.C. 2929.12. We find no error. The trial court's re-sentencing entry expressly states that the court considered the factors set forth in R.C. 2929.12. This is sufficient to demonstrate the trial court's consideration of the relevant factors set forth in R.C. 2929.12. State v. Arnett (2000),88 Ohio St.3d 208, 215; State v. Hawley (Aug. 10, 2001), Lake App. No. 2000-L-114; State v. Alfano, Medina App. No. 02CA0063, 2003-Ohio-237, at ¶ 14-16.
 {¶ 6} Appellant next contends that the trial court did not comply with R.C. 2929.14(C) and 2929.19(B)(2)(d) when it sentenced him to a maximum prison term. We disagree.
 {¶ 7} R.C. 2929.14(C) allows for the imposition of a maximum prison term only on offenders who "committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders * * * and upon certain repeat violent offenders." The trial court is required to make one of these findings under R.C. 2929.14(C) to impose a maximum prison term. State v.Wolford, Franklin App. No. 02AP-552, 2002-Ohio-6964, at ¶ 14. The trial court satisfied R.C. 2929.14(C) when it found on the record that appellant committed the worst form of the offense.
 {¶ 8} If the trial court makes a finding pursuant to R.C. 2929.14(C), the trial court must also provide reasons for its finding pursuant to R.C. 2929.19(B)(2)(d). State v. Patterson (Dec. 14, 1999), Franklin App. No. 99AP-105. In the case at bar, the trial court did identify reasons for its finding that appellant committed the worst form of the offense. One of the trial court's stated reasons for its finding was the death of appellant's victim, Charles Wilson. However, appellant argues that this reason was not supported by the record. Appellant contends that the trial court could not rely on Wilson's death as a reason to justify its finding because the evidence established that Wilson died from a blood clot in his lungs and not from his gunshot wounds. Again, we disagree.
 {¶ 9} Dr. Keith Norton, a Franklin County deputy coroner, testified at appellant's trial regarding Charles Wilson's cause of death. Wilson was shot twice: one bullet entered and exited his right arm and the other bullet entered his lower back, right above his buttocks, but remained in his body. A week later, Wilson went back to the hospital to have the bullet removed, as it was irritating his nerves and causing him pain. Wilson died shortly after that surgery was completed.
 {¶ 10} Dr. Norton testified that the immediate cause of Wilson's death was a blood clot from his leg that blocked the arteries of his lungs. He testified that Wilson stood up after his surgery, which probably shook the blood clot loose and allowed it to move up to his lungs. However, Dr. Norton also testified that the gunshot wounds set everything in motion and caused the final outcome. Dr. Norton testified that Wilson's gunshot wounds decreased his mobility, due to pain in his leg, which would limit the amount of blood flow to his leg and make the creation of a blood clot more likely. Dr. Norton also testified that the IV inserted into Wilson's foot as a result of the gunshot wounds also would make the creation of a blood clot more likely. Wilson would not have been subjected to decreased mobility or an IV in his foot but for the fact that he was shot by appellant. Although appellant's counsel questioned Dr. Norton about the age of this blood clot and the presence of other blood clots in Wilson's body, Dr. Norton testified that the blood clot that killed Wilson was a dark red color, indicating that it was of recent origin.
 {¶ 11} Given Dr. Norton's testimony that Wilson's gunshot wounds started a chain of events that ultimately caused his death, the trial court's reasoning is supported by the record. While Dr. Norton's testimony was insufficient for the jury to convict appellant of murder, it was sufficient to support the trial court's reasons for imposing a maximum sentence for felonious assault. Therefore, we cannot find by clear and convincing evidence that the trial court's sentence was not supported by the record or was contrary to law.
 {¶ 12} Appellant also contends that the trial court imposed the maximum sentence based upon other cases pending against appellant. Although one statement by the trial court indicates that the trial court was aware of other cases pending against appellant, it is not clear what impact, if any, that information had on the imposition of the sentence in this case. Moreover, the trial court's other stated reason for imposing a maximum sentence (the death of the victim) was supported by the record and, by itself, would justify the trial court's decision to impose a maximum sentence. See State v. Butler, Jefferson App. No. 01-JE-34, 2003-Ohio-3468, at ¶ 58 (affirming imposition of maximum sentence based on one reason, even if trial court erroneously considered defendant's criminal history).
 {¶ 13} In conclusion, the trial court satisfied the requirements of R.C. 2929.12, 2929.14(C), and 2929.19(B)(2)(d) when it sentenced appellant. Also, the trial court's reason for imposing the maximum sentence was supported by the record and not contrary to law. Accordingly, appellant's assignment of error is overruled and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
Bryant and Brown, JJ., concur.