DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant Joyce Summers appeals from the Lorain County Court of common Pleas, which sentenced her to maximum sentences. This Court affirms.
 {¶ 2} The Lorain County Grand Jury indicted Appellant on two counts of endangering children, in violation of R.C.2919.22(B)(3), third degree felonies. She pled guilty and the case proceeded to sentencing. The court ordered five years incarceration on each count, the statutory maximum, to be served concurrently. Appellant appealed her sentence, asserting a single assignment of error.
 Assignment of Error
"THE TRIAL COURT ERRED TO APPELLANT'S PREJUDICE WHEN IT SENTENCED APPELLANT TO THE MAXIMUM PRISON TERM, NOT REQUIRED FOR APPELLANT'S TWO OFFENSES AND WHERE SUCH SENTENCE WAS CONTRARY TO LAW."
 {¶ 3} Appellant alleges that the trial court erred by imposing the maximum prison sentences and argues that these sentences are unjustified under Ohio's sentencing statutes, particularly R.C. 2929.14(C). She argues that this Court must remand her case for resentencing under R.C. 2953.08(G)(2)(b). This Court disagrees.
 {¶ 4} During the pendency of Appellant's appeal, the Ohio Supreme Court held that Ohio's statutory sentencing scheme violated the Sixth Amendment of the United States Constitution, per Blakely v. Washington (2004), 542 U.S. 296,159 L.Ed.2d 403, and excised certain unconstitutional provisions, including R.C. 2929.14(C). State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, paragraphs one through four of the syllabus. Subsequently, this Court found that "the Foster Court excised R.C. 2953.08(G), which permitted an appellate court to remand matters in order for the trial court to make statutory findings[, and as] a result, [an appellant] may not premise error on the alleged procedural deficiencies of the trial court's sentencing entry." State v. Dudukovich, 9th Dist. No. 05CA008729,2006-Ohio-1309, ¶ 20, citing Foster at ¶ 97.
 {¶ 5} Appellant's assignment of error is predicated on the trial court's supposed noncompliance with R.C. 2929.14(C), which no longer exists. Furthermore, Appellant seeks relief under R.C.2953.08(G), which this Court has explained is no longer available. See Dudukovich at ¶ 20; State v. Jones, 9th Dist. No. 22811, 2006-Ohio-1820, ¶ 20. As such, Appellant's allegations lack a basis for appeal and her assignment of error must be overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Carr, P.J., concurs in judgment only, Moore, J., concurs.