DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Jodie Barry, appeals from her sentence in the Medina County Court of Common Pleas. This Court affirms.
 I. {¶ 2} On February 22, 2005, appellant was indicted on one count of theft of a firearm in violation of R.C.2913.02(A)(1)(4), a third-degree felony. On May 9, 2005, appellant pled guilty to the sole count in the indictment. The trial court ordered a presentence investigation and held a sentencing hearing on June 27, 2005. Thereafter, the trial court sentenced appellant to two years incarceration. Appellant timely appealed her sentence, raising two assignments of error for review. For ease of analysis, appellant's assignments of error have been consolidated.
 II. ASSIGNMENT OF ERROR I
"THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY IMPOSING A SENTENCE OF IMPRISONMENT FOR THE COMMISSION OF A THIRD-DEGREE FELONY WITHOUT MAKING THE FINDINGS REQUIRED BY R.C. 2929.11 AND2929.12 * * *."
 ASSIGNMENT OF ERROR II
"THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY IMPOSING A TWO-YEAR SENTENCE FOR THEFT OF A FIREARM INSTEAD OF THE MINIMUM SENTENCE OF ONE YEAR."
 {¶ 3} In both her assignments of error, appellant asserts that the trial court erred when it imposed a two-year term of incarceration following her guilty plea. This Court disagrees.
 {¶ 4} On February 27, 2006, the Ohio Supreme Court issued two decisions which impact Appellant's arguments on appeal. In Statev. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, the Court found that Ohio's sentencing structure was unconstitutional to the extent that it required judicial fact finding. Id. at paragraphs one through seven of the syllabus. In constructing a remedy, the Court excised the portions of the statute it found to offend the Sixth Amendment and thereby granted full discretion to trial court judges to sentence defendants within the bounds prescribed by statute. See Id.; State v. Dudukovich, 9th Dist. No. 05CA008729, 2006-Ohio-1309, at ¶ 19.
 {¶ 5} This Court notes that on appeal appellant has not challenged the constitutionality of the imposition of his sentence. Accordingly, we decline to sua sponte remand on grounds not argued by appellant. Id. at ¶ 24. Further, as a result of the remedy chosen by the Foster Court, appellant may not premise error based upon the failure of the trial court to make the findings previously required by statute. Id. at ¶ 20. Accordingly, to the extent that appellant's claim relies on such procedural error, her claim must fail.
 {¶ 6} Additionally, Foster altered this Court's standard of review which was previously a clear and convincing error standard. State v. Windham, 9th Dist. No. 05CA0033,2006-Ohio-1544, at ¶ 11. Accordingly, this Court reviews appellant's sentence utilizing an abuse of discretion standard. Id. at ¶ 12. An abuse of discretion is more than an error in judgment or law; it implies an attitude on the part of the trial court that is unreasonable, arbitrary, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. Furthermore, when applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621.
 {¶ 7} The Foster Court noted that "there is no mandate for judicial fact-finding in the general guidance statutes. The court is merely to `consider' the statutory factors." Foster at ¶ 42. Therefore, post-Foster, trial courts are still required to consider the general guidance factors in their sentencing decisions. In its journal entry, the trial court specifically stated that it had considered the purposes and principles of sentencing under R.C. 2929.11 and balanced the seriousness and recidivism factors under R.C. 2929.12.
 {¶ 8} R.C. 2929.11 provides in pertinent part as follows:
"(A) A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.
"(B) A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."
Appellant was convicted of a third degree felony. Accordingly, the trial court was permitted to utilize its discretion to sentence her from one to five years incarceration. R.C.2929.14(A)(3).
 {¶ 9} Upon review, this Court cannot say that the trial court abused its discretion in sentencing Appellant to two years incarceration. Appellant was convicted of one count of theft of firearms. Appellant and her co-defendant, Dax Murray, stole multiple firearms (4) from appellant's stepfather. Thus, appellant's relationship to the victim did facilitate the offense as it permitted her access to the home from which the firearms were stolen. See R.C 2929.12(B)(6). Appellant also admitted to having a prior criminal record, which included a misdemeanor conviction for theft and multiple traffic violations, including operating a vehicle under the influence. See R.C. 2929.12(E)(3). The trial court also indicated that following the theft, appellant urged her co-defendant to drive to Akron to sell the guns. At the sentencing hearing the State contended that appellant was less than honest with the court when she indicated that she attempted to stop the theft. Specifically, the State noted that appellant's juvenile daughter, who was present at the time of theft, informed police that appellant did not attempt to stop the crime. Additionally, following the entry of her guilty plea, appellant requested that she be placed in a halfway house in order to get her life straightened out. Appellant admitted prior to sentencing, however, that she smoked crack cocaine while living at the halfway house. Accordingly, based upon a consideration of the factors in R.C. 2929.12 and the purpose of felony sentencing as contained in R.C. 2929.11, we cannot say that the trial court abused its discretion in sentencing appellant to two years incarceration. Appellant's assignments of error are overruled.
 III. {¶ 10} Appellant's assignments of error are overruled. The judgment of the Medina County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
Moore, J. Boyle, J. Concur.