DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Christopher Sapper, appeals from his sentencing in the Summit County Court of Common Pleas. This Court affirms.
 I. {¶ 2} On September 12, 2003, the Summit County Grand Jury indicted Appellant on eight counts including: attempted murder, in violation of R.C. 2903.02(A)/R.C. 2923.02; felonious assault, in violation of R.C. 2903.11(A)(1); kidnapping, in violation R.C.2905.01(A)(2) — (4); disrupting public services, in violation of R.C. 2909.04(A)(1); two counts of domestic violence, in violation of R.C. 2919.25(A) and (C); and two counts of endangering children, in violation of R.C. 2919.22(A). On September 14, 2005, Appellant entered a guilty plea to one count of kidnapping, one count of domestic violence, and two counts of child endangering.
 {¶ 3} On October 14, 2005, the trial court imposed a sentence of five years on the kidnapping count, one year for the domestic violence counts and six months on each of the two counts of endangering children. The court ordered that the sentences be served concurrent with each other for a total of five years incarceration and consecutive with an eight month term already imposed on two separate nonpayment of support cases. A pre-sentence report was prepared and considered by the court. Appellant timely appealed from this sentencing order, raising two assignments of error for our review.
 II. ASSIGNMENT OF ERROR I
"THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY IMPOSING A SENTENCE THAT IS CONTRARY TO LAW, THAT IS EXCESSIVE, AND THAT DOES NOT COMPLY WITH THE SENTENCING GUIDELINES."
 ASSIGNMENT OF ERROR II
"THE TRIAL COURT ERRED IN ORDERING THE SENTENCES TO BE SERVED CONSECUTIVELY WITHOUT SPECIFICALLY FINDING THE FACTORS ENUMERATED IN R.C. 2929.14(E)(4)."
 {¶ 4} In his first assignment of error, Appellant contends that the trial court erred by imposing a sentence that is contrary to law, excessive and that does not comply with Ohio's sentencing guidelines. More specifically, Appellant has asserted that the trial court erred when it did not state the proper findings when it sentenced him beyond the minimum prison sentence where his previous convictions involved no violence or other overt threats to public welfare. In his second assignment of error, Appellant contends that the trial court erred in ordering that his five-year sentence be served consecutively with an eight month term already imposed without making the findings required by statute. We find that Appellant's assignments of error lack merit.
 {¶ 5} In State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, the Court agreed with the defendants' arguments that Ohio's sentencing structure violated the Sixth Amendment to the extent that it required judicial fact-finding. Id. at paragraphs one through seven of the syllabus. In constructing a remedy, theFoster court excised the provisions it found to offend the Constitution, granting trial court judges full discretion to impose sentences within the ranges prescribed by statute. Id.
 {¶ 6} In a companion case, State v. Mathis,109 Ohio St.3d 54, 2006-Ohio-855, the Court clarified that the only statutory findings that a trial court is now required to make are the findings required for a downward departure from a presumptive jail term. Id. at paragraph one of the syllabus. Appellant was convicted of multiple offenses, the most egregious being a first degree felony. Applying Mathis, the trial court was not obligated to make findings, as it imposed a sentence within the three to ten year range and did not depart downward. R.C.2929.14(A)(1). Further, the Foster Court excised R.C.2953.08(G), which permitted an appellate court to remand matters in order for the trial court to make statutory findings. Foster
at ¶ 97. Consequently, Appellant may not premise error on the alleged procedural deficiencies of the trial court's sentencing entry.
 {¶ 7} We note that on appeal Appellant has not challenged the constitutionality of the imposition of his sentence. Accordingly, we decline to sua sponte remand on grounds not argued by Appellant. State v. Dudukovich, 9th Dist. No. 05CA008729,2006-Ohio-1309, at ¶ 24.
 {¶ 8} Appellant's two assignments of error are overruled.
 III. {¶ 9} Appellant's two assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Slaby, P.J. Carr, J. concur.