OPINION
{¶ 1} Defendant-appellant, Anthony F. Stewart, appeals from a judgment of conviction and sentence entered by the Franklin County Court of Common Pleas. For the following reasons, we affirm.
 {¶ 2} On November 5, 1999, C.B.[1] was approached by two men as she walked along Refugee Road in Columbus, Ohio. At gunpoint, the men took her behind a nearby grocery store and attempted to rob her. C.B. had nothing for the men to take. The men then forced C.B. to remove her clothes and repeatedly raped her. The men eventually let C.B. go free. As a result of those events, on September 17, 2004, a Franklin County grand jury indicted appellant for one count of kidnapping in violation of R.C. 2905.01 and three counts of rape in violation of R.C.2907.02. All four counts contained firearm specifications pursuant to R.C. 2941.145. Appellant initially entered a not guilty plea to the charges.
 {¶ 3} On July 28, 2005, appellant withdrew his not guilty plea and entered a no contest plea to all four counts as well as the firearm specifications. The trial court accepted appellant's plea and found him guilty of the charges. The trial court sentenced appellant to a three-year prison term for the kidnapping conviction and eight-year prison terms for each of the rape convictions. The trial court ordered the rape sentences to be served concurrently, but consecutive to the kidnapping sentence. Finally, the trial court sentenced appellant to a prison term of three years for each of the firearm specification convictions. The court ordered the firearm sentences to be served concurrently, but consecutive to the other sentences, for a total prison sentence of 14 years.
 {¶ 4} Appellant appeals and assigns the following errors:
1. A TRIAL COURT ABUSES ITS DISCRETION WHEN IT FAILS TO ACKNOWLEDGE AS ALLIED OFFENSES OF SIMILAR IMPORT THE OFFENSE OF RAPE AND THE OFFENSE OF KIDNAPPING, WHERE THE TWO OFFENSES ARE MERELY INCIDENTAL TO EACH OTHER.
2. A TRIAL COURT COMMITS REVERSIBLE ERROR WHERE IT FAILS TO SUFFICIENTLY STATE THE REASONS SUPPORTING A CONSECUTIVE PRISON TERM IMPOSED FOR MULTIPLE SENTENCES.
3. A TRIAL COURT COMMITS REVERSIBLE ERROR WHERE IT IMPROPERLY IMPOSES A MANDATORY SENTENCE ON A CRIMINAL DEFENDANT WITHOUT STATING ITS FINDINGS ON THE RECORD.
 {¶ 5} Appellant contends in his first assignment of error that his kidnapping and rape convictions are allied offenses of similar import committed with a single animus and that they should have been merged for sentencing in accordance with R.C.2941.25. Appellant did not request merger and did not object to the trial court's failure to merge these offenses. A defendant's failure to raise the issue of allied offenses of similar import at the time of his conviction or sentencing results in a waiver of an allied offense claim on appeal absent plain error. Statev. Yarbrough, 104 Ohio St.3d 1, 2004-Ohio-6087, at ¶ 96; Statev. Williams, Franklin App. No. 02AP-35, 2002-Ohio-4503, at ¶ 74. Plain error exists if, but for the error, the outcome of the trial clearly would have been different. State v. Long (1978),53 Ohio St.2d 91, paragraph two of the syllabus. Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice. Id. at paragraph three of the syllabus.
 {¶ 6} The Double Jeopardy Clauses of the United States and Ohio Constitutions protects criminal defendants from multiple punishments for the same offense. State v. Rance (1999),85 Ohio St.3d 632, 634. Ohio's General Assembly has indicated its intent to permit or prohibit cumulative punishments for the commission of certain offenses through the multiple-count statute set forth in R.C. 2941.25. Id. at 635. That statute requires merger of separate counts of an indictment for purposes of sentencing as follows:
(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.
 {¶ 7} Accordingly, to decide whether a criminal defendant may be convicted of multiple counts, a trial court must first determine whether the offenses are allied offenses of similar import. Rance, at 636. Rape, in violation of R.C.2907.02(A)(2), and kidnapping, in violation of R.C.2905.01(A)(4), are allied offenses of similar import. See Statev. Donald (1979), 57 Ohio St.2d 73, syllabus; Williams, at ¶ 72; State v. Collins, Ross App. No. 01CA-2590, 2002-Ohio-3212, at ¶ 19; State v. Nixon (Apr. 25, 2001), Lorain App. No. 00CA007638.
 {¶ 8} Because the kidnapping and rape charges in this case are allied offenses of similar import, appellant could only be convicted of both offenses if the crimes were committed separately or with a separate animus. Id.; Collins, at ¶ 17. The Supreme Court of Ohio has established the following principles to determine whether kidnapping and an offense of similar import are committed with a separate animus:
Where the restraint or movement of the victim is merely incidental to a separate underlying crime, there exists no separate animus sufficient to sustain separate convictions; however, where the restraint is prolonged, the confinement is secretive, or the movement is substantial so as to demonstrate a significance independent of the other offense, there exists a separate animus as to each offense sufficient to support separate convictions.
State v. Logan (1979), 60 Ohio St.2d 126, syllabus; see, also, State v. Foust, 105 Ohio St.3d 137, 2004-Ohio-7006, at ¶140.
 {¶ 9} Appellant entered a no contest plea in this case. The facts of his crimes are obtained from the prosecutor's statements at appellant's plea hearing. As C.B. walked down Refugee Road, appellant and another man grabbed her and stuck a gun in her back. The men took C.B. to the back of a grocery store and attempted to rob her. When she did not have anything for the men to take, they forced her to take off her clothes. The men then forced C.B. to perform various sexual acts against her will. A gun was displayed during the entire incident and also used to rape C.B.
 {¶ 10} Appellant and an accomplice stopped the victim on a street, grabbed her, forced her to the back of a store, and attempted to rob her. These acts restrained C.B.'s liberty and were not merely incidental to the restraint appellant used to rape C.B. They were separate and independent of the rape offenses appellant subsequently committed. Under these facts, we find that the kidnapping and rape offenses were committed with a separate animus. State v. Evans, Cuyahoga App. No. 85396,2005-Ohio-3847, at ¶ 22 (separate animus for kidnapping conviction where defendant led victim off the street into apartment and then raped her); State v. Trammell (June 11, 2001), Butler App. No. CA2000-06-117 (kidnapping and rape offenses committed with separate animus where defendant drove victim around city, restraining her in the car, and then raped her in alley). The trial court properly sentenced appellant. Appellant's first assignment of error is overruled.
 {¶ 11} Appellant contends in his second and third assignments of error that the trial court erred when it sentenced him to consecutive and non-minimum sentences without making findings or providing its reasons as required by R.C. 2929.14(E)(4) and2929.14(B). After appellant's sentencing, however, the Supreme Court of Ohio declared portions of Ohio's sentencing statutes, including R.C. 2929.14(E)(4) and 2929.14(B), unconstitutional. See State v. Foster, 104 Ohio St.3d 1, 2006-Ohio-856. The Supreme Court of Ohio ruled that these statutes required judicial fact finding in violation of the Sixth Amendment's right to jury trial. Id. at paragraphs one and three of the syllabus. The court utilized broad language to apply its holding to all cases pending on direct review. Id. at ¶ 104.
 {¶ 12} Appellant did not challenge the constitutionality of R.C. 2929.14(E)(4) and 2929.14(B) in the trial court and has not raised the issue in this appeal. Appellant, therefore, has waived this argument and we will not address it sua sponte. State v.Draughon, Franklin App. No. 05AP-860, 2006-Ohio-2445, at 2; 8;State v. Sapper, Summit App. No. 22927, 2006-Ohio-2284, at ¶ 7. Rather, appellant claims the trial court failed to state its reasons and make factual findings that were required by both statutes to impose his sentence.
 {¶ 13} The Ninth District Court of Appeals has declined to remand cases for new sentencing hearings where the defendant's only claim on appeal concerned a trial court's failure to make findings required by the statutes declared unconstitutional byFoster. See State v. Barry, Medina App. No. 05CA0072-M,2006-Ohio-2275, at ¶ 5 ("[A]ppellant may not premise error based upon the failure of the trial court to make the findings previously required by statute."); State v. Summers, Lorain App. No. 05CA008784, 2006-Ohio-2178, at ¶ 5 (overruling assignment of error based on trial court's "supposed noncompliance with R.C. 2929.14[C], which no longer exists.");State v. Banks, Summit App. No. 22856, 2006-Ohio-2682, at ¶ 37-39 (overruling assignment of error that claimed trial court failed to make required findings to impose non-minimum sentence). In each case, the defendant did not present a constitutional challenge to the sentencing statutes, and the Ninth District refused to apply Foster when the defendant did not raise the issue.
 {¶ 14} We agree with the Ninth District's reasoning in these cases. There is a significant difference between an appeal where the defendant claims that his sentence was unconstitutional because it was based on factual findings not proven to a jury or admitted by the defendant in violation of Foster, versus an appeal where the defendant claims that the trial court erred bynot making those findings in the first place. In essence, appellant argues that the trial court erred by not following statutes that have since been declared unconstitutional. The failure to follow an unconstitutional statute is harmless error. Cf. State v. Woods (Mar. 15, 2001), Cuyahoga App. No. 77713 (failure to advise defendant of possible administrative extension of sentence provided for in R.C. 2967.11, later held unconstitutional, was harmless error).
 {¶ 15} After Foster, trial courts now have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences. Foster, at ¶ 100; Draughon, at ¶ 9. If we remanded this matter for resentencing, we would instruct the trial court to do what appellant claims it already did: sentence appellant within the statutory range without making factual findings or providing any reasons for its sentence. We decline to remand this case for such a futile act.
 {¶ 16} Finally, we note that Foster also declared portions of R.C. 2953.08(G) unconstitutional. That statute permitted an appellate court to remand matters for the trial court to make certain statutory findings it failed to make in sentencing matters. Foster, at ¶ 97. Thus, an appellant may not premise error on alleged procedural deficiencies of the trial court's sentencing entry. Summers, supra, at ¶ 4, quoting State v.Dudukovich, Lorain App. No. 05CA008729, 2006-Ohio-1309;Sapper, supra, at ¶ 6.
 {¶ 17} Appellant's second and third assignments of error are overruled.
 {¶ 18} Having overruled appellant's three assignments of error, the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
Brown and Travis, JJ., concur.
[1] To protect her identity, we will refer to the victim by her initials.