OPINION
{¶ 1} Defendant-appellant, Christopher S. Knopf, appeals from a judgment of conviction and sentence entered by the Franklin County Court of Common Pleas. For the following reasons, we affirm that judgment.
 {¶ 2} On April 26, 2005, a Franklin County Grand Jury indicted appellant with two counts of operating a vehicle while under the influence of alcohol or drugs in violation of R.C.4511.19(A). Both counts alleged appellant had three previous convictions relating to operating a vehicle while under the influence of drugs or alcohol. Those convictions occurred between 2002 and 2004. Appellant entered a not guilty plea to the indictment.
 {¶ 3} On August 29, 2005, appellant withdrew his not guilty plea and entered a guilty plea to one count of operating a vehicle while under the influence of alcohol or drugs in violation of R.C. 4511.19(A)(1)(a). The other count was dismissed by the trial court. Due to his previous convictions, the offense was elevated to a felony of the fourth degree. R.C.4511.19(G)(1)(d). The trial court accepted appellant's guilty plea and found him guilty. The trial court sentenced appellant to a maximum sentence of 30 months in prison and imposed a fine. The court also suspended appellant's driver's license for 60 months.
 {¶ 4} Appellant appeals and assigns the following errors:
[1.] The trial court failed to make findings required to support the imposition of a term of imprisonment for the fourth degree felony offense of operating a vehicle under the influence when community control sanctions were favored.
[2.] The court erroneously failed to make findings supporting imposition of more than the minimum sentence on an offender who had not been imprisoned previously.
[3.] The court erroneously failed to make findings in support of imposition of the maximum prison term.
[4.] The record does not support the imposition of the maximum sentence.
 {¶ 5} Appellant's assignments of error each address his sentencing. Pursuant to R.C. 4511.19(G)(1)(d) and 2929.13(G), the trial court was required to impose a 60-day mandatory term of incarceration, either locally or in prison, for appellant's conviction. In addition to that mandatory term, the trial court could impose additional sanctions, including community control sanctions or further incarceration. See State v. McGonnell,
Cuyahoga App. No. 85058, 2005-Ohio-3157, at ¶ 25. In this case, the trial court chose to impose a prison term. R.C.4511.19(G)(1)(d)(i). The trial court sentenced appellant to a total prison term of 30 months, the maximum prison sentence allowed by law for his conviction.
 {¶ 6} In his first assignment of error, appellant contends the trial court failed to make findings required by R.C.2929.13(B) to impose a prison sentence on a defendant convicted of a fourth degree felony. We disagree. This issue was recently addressed by the Supreme Court of Ohio in State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856. In Foster, the court determined that a trial court may impose a prison term for a fourth degree felony conviction without making any R.C. 2929.13(B) findings. Id. at ¶ 70. See, also, State v. Smith, Lorain App. No. 05CA008827, 2006-Ohio-2691, at ¶ 8; State v. Mason, Marion App. No. 9-05-21, 2006-Ohio-1998, at ¶ 12. Thus, the trial court did not need to make any R.C. 2929.13(B) findings before it imposed a prison sentence in this case. Appellant's first assignment of error is overruled.
 {¶ 7} Appellant contends in his second and third assignments of error that the trial court erred when it sentenced him to a non-minimum and maximum prison sentence without making findings or stating its reasons as required by R.C. 2929.14(C) and2929.14(B)(2).[1] After appellant's sentencing, however, the Supreme Court of Ohio declared portions of Ohio's sentencing statutes, including R.C. 2929.14(C) and 2929.14(B)(2), unconstitutional. Foster, supra. The Supreme Court of Ohio ruled that these statutes required judicial fact finding in violation of the Sixth Amendment's right to jury trial. Id. at paragraph one of the syllabus. The court utilized broad language to apply its holding to all cases pending on direct review. Id. at ¶ 104.
 {¶ 8} Appellant did not challenge the constitutionality of R.C. 2929.14(C) and 2929.14(B)(2) in the trial court and has not raised the issue in this appeal. Appellant, therefore, has waived this argument and we will not address it sua sponte. State v.Draughon, Franklin App. No. 05AP-860, 2006-Ohio-2445, at 2; 8;State v. Sapper, Summit App. No. 22927, 2006-Ohio-2284, at ¶ 7. Rather, appellant claims the trial court failed to make factual findings that were required by both statutes to impose his sentence.
 {¶ 9} In State v. Stewart, Franklin App. No. 05AP-1073, 2006-Ohio-3310, this court recently agreed with a decision from the Ninth District Court of Appeals that declined to remand cases for new sentencing hearings where the defendant's only claim on appeal concerned a trial court's failure to make findings required by statutes declared unconstitutional by Foster. SeeState v. Barry, Medina App. No. 05CA0072-M, 2006-Ohio-2275, at ¶ 5 ("[A]ppellant may not premise error based upon the failure of the trial court to make the findings previously required by statute."); State v. Summers, Lorain App. No. 05CA008784,2006-Ohio-2178, at ¶ 5 (overruling assignment of error based on trial court's "supposed noncompliance with R.C. 2929.14[C], which no longer exists."); State v. Banks, Summit App. No. 22856,2006-Ohio-2682, at ¶ 37-39 (overruling assignment of error that claimed trial court failed to make required findings to impose non-minimum sentence). In each case, the defendant did not present a constitutional challenge to the sentencing statutes, and the Ninth District refused to apply Foster when the defendant did not raise the issue.
 {¶ 10} There is a significant difference between an appeal where the defendant claims that his sentence was unconstitutional because it was based on factual findings not proven to a jury or admitted by the defendant in violation of Foster, versus an appeal where the defendant claims that the trial court erred bynot making those findings in the first place. In essence, appellant argues that the trial court erred by not following statutes that have since been declared unconstitutional. The failure to follow an unconstitutional statute is harmless error. Cf. State v. Woods (Mar. 15, 2001), Cuyahoga App. No. 77713 (failure to advise defendant of possible administrative extension of sentence provided for in R.C. 2967.11, later held unconstitutional, was harmless error).
 {¶ 11} After Foster, trial courts now have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences. Foster, at ¶ 100; Draughon, at ¶ 9. If we remanded this matter for resentencing, we would instruct the trial court to do what appellant claims it already did: sentence appellant within the statutory range without making factual findings or providing any reasons for its sentence. We decline to remand this case for such a futile act.
 {¶ 12} Finally, we note that Foster also declared portions of R.C. 2953.08(G) unconstitutional. That statute permitted an appellate court to remand matters for the trial court to make certain statutory findings it failed to make in sentencing matters. Foster, at ¶ 97. Thus, an appellant may not premise error on alleged procedural deficiencies of the trial court's sentencing entry. Summers, supra, at ¶ 4, quoting State v.Dudukovich, Lorain App. No. 05CA008729, 2006-Ohio-1309;Sapper, supra, at ¶ 6.
 {¶ 13} Appellant's second and third assignments of error are overruled.
 {¶ 14} In his fourth assignment of error, appellant claims that the record did not support his sentence. Before Foster,
this court would not disturb a sentence imposed by a trial court unless we found by clear and convincing evidence that the sentence is not supported by the record or is contrary to law. See, e.g., State v. Scott, Franklin App. No. 01AP-801, 2002-Ohio-2251, at ¶ 7; State v. Moye, Franklin App. No. 03AP-468, 2003-Ohio-6656, at ¶ 4. Foster altered this court's review of criminal sentences. We now review a trial court's sentence to determine whether or not the trial court abused its discretion. Foster, at ¶ 100; Barry, supra, at ¶ 6. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 15} Before the instant conviction, appellant had been convicted three times in three years of driving while under the influence of alcohol or drugs. Apparently, and luckily, no one was injured or killed as a result of appellant's impaired driving. It is unclear what sentences appellant received in those cases. It is clear, however, that those punishments did not deter appellant from his dangerous conduct. The trial court's imposition of a maximum prison term in response to appellant's fourth drunk driving conviction in less than four years was not an abuse of discretion. Appellant's fourth assignment of error is overruled.
 {¶ 16} In conclusion, appellant's four assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
Brown and McGrath, JJ., concur.
[1] We note here that even before Foster, trial courts did not have to make R.C. 2929.14(B) findings if it made findings under R.C. 2929.14(C) and imposed a maximum sentence. State v.Evans, 102 Ohio St.3d 240, 2004-Ohio-2659, syllabus.