OPINION
{¶ 1} Defendant-appellant, John O. Burton, appeals from the judgment of the Franklin County Court of Common Pleas, whereby the trial court sentenced appellant on his convictions for aggravated burglary, felonious assault, and domestic violence. For The following reasons, we affirm. *Page 2 
 {¶ 2} On November 2, 2004, the Franklin County Grand Jury indicted appellant on one count of: (1) aggravated burglary, in violation of R.C.2911.11, a first-degree felony; (2) felonious assault, in violation of R.C. 2903.11, a second-degree felony; (3) kidnapping, in violation of R.C. 2905.01, a first-degree felony; and (4) domestic violence, in violation of R.C. 2919.25, which charge was enhanced to a third-degree felony because appellant had previously been convicted of two or more domestic violence offenses. Appellant pled not guilty, and appellant tried the aggravated burglary, felonious assault, and kidnapping charges before the jury and the domestic violence charge before the trial court. The trial court found appellant guilty of domestic violence. The jury found appellant guilty of aggravated burglary and felonious assault, but not guilty of kidnapping.
 {¶ 3} On May 10, 2005, the trial court held a sentencing hearing. At the sentencing hearing, the trial court examined the seriousness and recidivism factors in R.C. 2929.12 of Ohio's felony sentencing laws. The trial court imposed six months imprisonment on the third-degree domestic violence conviction, even though, under R.C. 2929.14(A), one year is the minimum authorized prison sentence for a third-degree felony. Likewise, pursuant to R.C. 2929.14(B) of Ohio's felony sentencing laws, the trial court imposed separate sentences of six years imprisonment on both the aggravated burglary and felonious assault convictions. Such sentences exceed the minimum authorized prison sentences for first-and second-degree felonies, but do not exceed the maximum authorized prison sentences for such felonies. See R.C. 2929.14(A). Next, the trial court imposed consecutive sentences on the aggravated burglary and felonious assault convictions pursuant to R.C. 2929.14(E)(4) of Ohio's felony sentencing laws. *Page 3 
The trial court then ordered appellant to serve the domestic violence sentence concurrent with the aggravated burglary and felonious assault sentences.
 {¶ 4} Subsequently, on March 30, 2006, we reversed appellant's sentences, pursuant to State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, at ¶ 83, which deemed R.C. 2929.14(B) and 2929.14(E)(4) unconstitutional. See State v. Burton (Mar. 30, 2006), Franklin App. No. 05AP-648 (Memorandum Decision). We remanded appellant's case to the trial court for resentencing. Id.
 {¶ 5} On June 5, 2006, the trial court held a resentencing hearing. At the resentencing hearing, the trial court stated:
 * * * When I sentenced you the first time, I spent probably a couple of hours. As a matter of fact, exactly what I am going to do with you, in looking at this again, I have not changed my mind.
(June 5, 2006 Tr. at 6.)
 {¶ 6} Thus, the trial court again sentenced appellant to separate sentences of six years imprisonment on both the felonious assault and aggravated burglary convictions. As noted, under R.C. 2929.14(A), such sentences exceed the minimum authorized prison sentences for first-and second-degree felonies, but do not exceed the maximum authorized prison sentences for such felonies. Next, although the trial court indicated that it had "not changed [its] mind" on appellant's sentencing, the trial court did sentence appellant to one year imprisonment, instead of six months, on the third-degree domestic violence conviction. Such a sentence constitutes the minimum authorized prison sentence for a third-degree felony. See R.C. 2929.14(A). The trial court then again ordered appellant to serve the domestic violence sentence concurrent with the *Page 4 
aggravated burglary and felonious assault sentences, and the trial court again ordered appellant to serve the aggravated burglary sentence consecutive to the felonious assault sentence. On June 7, 2006, the trial court issued a judgment entry journalizing the sentences and noting that it "considered the purposes and principles of sentencing set forth in R.C. 2929.11 and the factors set forth in R.C. 2929.12. In addition, the Court has weighed the factors as set forth in the applicable [provision] of R.C. 2929.13[.]"
 {¶ 7} Appellant appeals, raising one assignment of error:
 The trial court erred in giving John Burton consecutive sentences totaling twelve (12) years for aggravated burglary and felonious assault.
 {¶ 8} In his single assignment of error, appellant contends that the trial court imposed his sentences in contravention of statutes that the Ohio Supreme Court did not deem unconstitutional in Foster.
 {¶ 9} To resolve this question, we turn first to our standard of review. Appellant asserts that we apply an abuse of discretion standard to his sentencing appeal. However, plaintiff-appellee, the State of Ohio, asserts that we review whether clear and convincing evidence demonstrates that appellant's sentences are contrary to law.
 {¶ 10} When the Ohio legislature revised Ohio's felony sentencing laws, effective July 1, 1996, the legislature adopted a clear and convincing standard of review for sentencing appeals. State v.Shryock (Aug. 1, 1997), Hamilton App. No. C-961111. Previously, appellate courts reviewed sentencing appeals under an abuse of discretion standard. Id. *Page 5 
 {¶ 11} Under the revised felony sentencing laws, R.C. 2953.08(G) states:
 (G)(1) If the sentencing court was required to make the findings required by division (B) or (D) of section 2929.13, division (D)(2)(e) or (E)(4) of section 2929.14, or division (H) of section 2929.20 of the Revised Code relative to the imposition or modification of the sentence, and if the sentencing court failed to state the required findings on the record, the court hearing an appeal under division (A), (B), or (C) of this section shall remand the case to the sentencing court and instruct the sentencing court to state, on the record, the required findings.
 (2) The court hearing an appeal * * * shall review the record, including the findings underlying the sentence or modification given by the sentencing court.
 The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
 (a) That the record does not support the sentencing court's findings under [applicable sections of the Ohio Revised Code];
 (b) That the sentence is otherwise contrary to law.
 {¶ 12} In Foster, the Ohio Supreme Court excised as unconstitutional R.C. 2929.14(B), (C), and (E)(4), which were portions of Ohio's felony sentencing laws that respectively required the trial court to make findings when imposing non-minimum, maximum or consecutive sentences. Id. at ¶ 99. As a result, the Ohio Supreme Court held that "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at ¶ 100. *Page 6 
The Ohio Supreme Court then stated: "The appellate statute R.C.2953.08(G), insofar as it refers to the severed sections, no longer applies." Foster at ¶ 99.
 {¶ 13} Thus, in State v. Knopf, Franklin App. No. 05AP-1201,2006-Ohio-3806, at ¶ 14, this court concluded that "Foster altered this court's review of criminal sentences. We now review a trial court's sentence to determine whether or not the trial court abused its discretion."
 {¶ 14} Likewise, in State v. Fout, Franklin App. No. 06AP-664,2007-Ohio-619, at ¶ 9-10, we stated:
 * * * [A]ppellant argues that the trial court's sentence was an abuse of discretion. The state argues that, even post-Foster, we should not review appellant's sentence for an abuse of discretion, but, rather, pursuant to R.C. 2953.08(G)(2), we may modify the sentence or remand for resentencing if we clearly and convincingly find that the sentence is contrary to law. We observe that this court has, to date, only once addressed this issue since Foster. We applied an abuse of discretion standard in a case involving imposition of a non-minimum, maximum prison sentence for a fourth-degree felony. See State v. Knopf, 10th Dist. No. 05AP-1201, 2006-Ohio-3806.
 In Foster, the Supreme Court of Ohio held that R.C. 2953.08(G) no longer applies insofar as it refers to review of findings made pursuant to the severed statutory sections, including, as relevant here, R.C. 2929.14(B), which required judicial fact-finding to overcome presumptive minimum terms in certain circumstances. See Foster at ¶ 97, 99. Now, "* * * trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at ¶ 100. Thus, after Foster, when a defendant challenges the imposition of non-minimum sentences, the proper standard of review to be applied is that of abuse of discretion. *Page 7 
 {¶ 15} However, in State v. Vickroy, Hocking App. No. 06CA4,2006-Ohio-5461, at ¶ 15, the Fourth District Court of Appeals declined to adopt an abuse of discretion standard of review to felony sentence appeals post-Foster, and the appellate court continued to apply the clear and convincing standard. Specifically, the appellate court held:
 While the Foster Court declared that a sentencing court possesses full discretion in sentencing an offender, the Court abrogated R.C. 2953.08(G), which defines the appellate court's role in sentencing, only "insofar as it applies to the severed sections" of Ohio's statutory sentencing scheme. Foster at ¶ 97-99. Thus, even after Foster, "[t]he appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds * * * [t]hat the sentence is otherwise contrary to law." R.C. 2953.08(G) * * *.
Id. at ¶ 15.
 {¶ 16} Similarly, in State v. Ramos, Defiance App. No. 4-06-24,2007-Ohio-767, at ¶ 23, the Third District Court of Appeals held that, in post-Foster sentencing appeals, "the clear and convincing evidence standard of review set forth under R.C. 2953.08(G)(2) remains viable[.]"
 {¶ 17} Recognizing Vickroy and Ramos, we re-examine our decision inKnopf and Fout that an abuse of discretion standard applies to post-Foster sentencing appeals. As Vickroy noted, Foster did not totally abrogate from Ohio's felony sentencing laws R.C. 2953.08(G), which references the clear and convincing standard to felony sentencing appeals. Indeed, in State v. Saxon, 109 Ohio St.3d 176, 2006-Ohio-1245, at ¶ 4, fn. 1, the Ohio Supreme Court stated: "[T]he sentencing review statute, R.C. 2953.08(G), remains effective, although no longer relevant with respect to *Page 8 
the statutory sections severed by Foster. "Similarly, we note that R.C.2953.08(G) has not been excised to the extent that it states: "The appellate court's standard for review is not whether the sentencing court abused its discretion."
 {¶ 18} Rather, Foster abrogated R.C. 2953.08(G) only "insofar as it refers to the severed sections" of Ohio's felony sentencing laws. SeeFoster at ¶ 99. Thus, under Foster, R.C. 2953.08(G) is no longer applicable inasmuch as the statute requires an appellate court to reverse a felony sentence for want of statutory findings under now excised statutes. See Foster at ¶ 99; see, also, State v. Mathis,109 Ohio St.3d 54, 2006-Ohio-855, at ¶ 35 (noting that, "[s]ince judicial fact-finding is no longer required in order for a court to exceed presumptive minimum prison terms or to impose maximum terms, consecutive terms, or penalty enhancements for repeat violent offenders and major drug offenders, there is no longer any reason to apply [R.C.2953.08(G)(1)] to upward departures").
 {¶ 19} Based on the above, and contrary to Knopf and Fout, we conclude that R.C. 2953.08(G) requires us to continue to review felony sentences under the clear and convincing standard. In some instances, as here, we would examine whether clear and convincing evidence establishes that a felony sentence is contrary to law pursuant to R.C. 2953.08(G)(2)(b). In applying the clear and convincing as contrary to law standard, we would "look to the record to determine whether the sentencing court considered and properly applied the [non-excised] statutory guidelines and whether the sentence is otherwise contrary to law." Vickroy at ¶ 16.
 {¶ 20} Adhering to a clear and convincing as contrary to law standard is not inconsistent with Foster's holding that trial courts have "full discretion" to impose "a *Page 9 
prison sentence within the statutory range[.]" Foster at ¶ 100. As the Ohio Supreme Court noted in Mathis, a companion case to Foster:
 * * * [I]n exercising its discretion, the court must carefully consider the statutes that apply to every felony case. Those include R.C. 2929.11, which specifies the purposes of sentencing, and R.C. 2929.12, which provides guidance in considering factors relating to the seriousness of the offense and recidivism of the offender. In addition, the sentencing court must be guided by statutes that are specific to the case itself.
Mathis at ¶ 38. For these reasons, in hindsight, we see the problems inherent in Fout and Knopf.
 {¶ 21} In re-examining our prior opinions, we must be mindful of the doctrine of stare decisis. Stare decisis is shorthand for the maxim"stare decisis et non quieta mo vere-'stand by the past decisions and do not disturb settled things.'" Rocky River v. State Emp. RelationsBd. (1989), 43 Ohio St.3d 1, 4, quoting Black's Law Dictionary (5th Ed.Rev. 1979) 1261. "Stare decisis is the bedrock of the American judicial system." Westfield Ins. Co. v. Galatis,100 Ohio St.3d 216, 2003-Ohio-5849, at ¶ 1.
 {¶ 22} Nevertheless, an appellate court "not only has the right, but is entrusted with the duty to examine its former decisions and, when reconciliation is impossible, to discard its former errors." SeeGalatis at ¶ 43. Pursuant to Galatis, we may overrule prior precedent and depart from stare decisis if:
 * * * (1) [T]he decision was wrongly decided at that time, or changes in circumstances no longer justify continued adherence to the decision, (2) the decision defies practical workability, and (3) abandoning the precedent would not create an undue hardship for those who have relied upon it. * * *
(Footnote omitted.) Id. at ¶ 48. *Page 10 
 {¶ 23} As to the first Galatis prong, we note that, contrary toKnopf and Fout, R.C. 2953.08(G) dictates that we review post-Foster sentencing appeals under the clear and convincing standard and not an abuse of discretion standard. As to the second prong, we hold that continued adherence to the abuse of discretion standard to post-Foster sentencing appeals "defies practical workability" in sentencing appeals. Id. at ¶ 48. In considering this prong, we evaluate whether "widespread criticism" of the pertinent decisions exists from other jurisdictions, whether "numerous conflicts" with the pertinent decisions have emanated from the courts, and whether the pertinent decisions have created "massive and widespread confusion[.]" Id. at ¶ 50.
 {¶ 24} Admittedly, Fout and Knopf have not been subject to the "massive" or "widespread" criticism at issue in Galatis. It is clear, however, that Fout and Knopf have created uncertainty and complexity on the question of what standard of review applies in the significant number of appeals from post-Foster sentencings within this district. As exemplified by Ramos and Vickroy, other appellate districts have criticized the application of the abuse of discretion standard in such appeals and have issued opinions in conflict with Fout andKnopf. And, despite our decisions in Fout and Knopf, as demonstrated here, the prosecution continues to challenge our use of the abuse of discretion standard in this context.
 {¶ 25} We note, too, that uncertainty exists on this issue because the clear and convincing standard differs from the abuse of discretion standard; specifically, the clear and convincing standard is not as deferential as the abuse of discretion standard. See, e.g.,Vickroy at ¶ 16 (noting that under the clear and convincing standard, "we neither substitute our judgment for that of the trial court nor simply defer to its discretion"); State *Page 11 v. Hacker, Clark App. No. 2001-CA-85, 2002-Ohio-2920, at ¶ 21 (holding that the clear and convincing standard does not provide "the same extent of deference that prevailed under the abuse of discretion standard of review"). "`Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal.'" State v.Eppinger (2001), 91 Ohio St.3d 158, 164, quoting Cross v. Ledford
(1954), 161 Ohio St. 469, 477. Conversely, an abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 26} Lastly, as to the third Galatis prong, we conclude that overruling Fout and Knopf would not create an "undue hardship." In considering this prong, we analyze whether the precedence "`has become so embedded, so accepted, so fundamental, to everyone's expectations that to change it would produce not just readjustments, but practical real-world dislocations.'" Galatis at ¶ 58, quoting Robinson v.Detroit (2000), 462 Mich. 439, 466. Here, we issued Knopf in July 2006, and Fout in February 2007; thus, time has not progressed for such cases to become embedded, accepted, and fundamental law.
 {¶ 27} In further finding no undue hardship to overrulingFout and Knopf, we recognize that such action ensures that this court no longer reviews post-Foster sentencing appeals under an incorrect standard. "`It does no violence to the legal *Page 12 
doctrine of stare decisis to right that which is clearly wrong. It serves no valid public purpose to allow incorrect opinions to remain in the body of our law.'" Galatis at ¶ 60, quoting State ex rel. Lake Cty.Bd. of Commrs. v. Zupancic (1991), 62 Ohio St.3d 297, 300.
 {¶ 28} Finally, we note that, when we first applied the abuse of discretion standard to post-Foster appeals in Knopf, neither party raised the standard of review issue. Thus, unlike here, inKnopf, we did not have the benefits of considering arguments outlining why we should continue to apply the clear and convincing standard of review to post-Foster sentencing appeals. And, while we did have such arguments before us in Fout, we rejected the arguments in recognition of our precedence in Knopf.
 {¶ 29} For all of these reasons, we conclude that we should not continue to apply Fout and Knopf, which held that an abuse of discretion standard applies to post-Foster felony sentencing appeals. Instead, we hold that the clear and convincing standard enunciated in R.C.2953.08(G) applies to post-Foster sentencing appeals.
 {¶ 30} Having determined our standard of review, we next consider whether appellant's sentence is clearly and convincingly contrary to law. Specifically, appellant contends that this sentence contravenes R.C. 2929.11 and 2929.12, which are statutes in Ohio's felony sentencing laws that Foster did not deem unconstitutional. Under R.C. 2929.11:
 (A) A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future *Page 13 
crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.
 (B) A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders.
 {¶ 31} R.C. 2929.12 requires the trial court to consider seriousness and recidivism factors outlined in R.C. 2929.12(B), (C), (D), and (E) to ensure that a sentence complies with the overriding principles of felony sentencing enunciated in R.C. 2929.11. State v. Arnett (2000),88 Ohio St.3d 208, 213. R.C. 2929.12(A) further states that the trial court may also consider "any other factors that are relevant" to the principles of felony sentencing.
 {¶ 32} Here, in its June 7, 2006 judgment entry, the trial court noted that it "considered the purposes and principles of sentencing set forth in R.C. 2929.11 and the factors set forth in R.C. 2929.12." Nonetheless, appellant claims that his prison sentences are unjustified because: (1) the victim in this case is now married to appellant; (2) appellant's incarceration will prevent appellant from making amends for his past mistakes; and (3) prison regulations meant to protect victims may prohibit the victim here from visiting or communicating with appellant, her husband. However, as demonstrated below, the trial court did not contravene R.C. 2929.11 and 2929.12 in sentencing appellant because: (1) appellant's offenses here are more serious than conduct normally constituting the offenses; and (2) appellant is likely to commit future crimes. *Page 14 
 {¶ 33} At the June 5, 2006 resentencing hearing, the trial court stated that it had not "changed [its] mind" from the original May 10, 2005 sentencing. (June 5, 2005 Tr. at 6.) At the May 10, 2005 sentencing hearing, the trial court noted the R.C. 2929.12 recidivism and seriousness factors. By means of R.C. 2929.12, such recidivism and seriousness factors figure into the trial court's consideration of the R.C. 2929.11 purposes of felony sentencing, and those purposes are to punish the offender and to protect the public from future crime by the offender and others.
 {¶ 34} Specifically, the trial court noted that appellant inflicted serious physical harm on the victim. As an example, the trial court recognized that the victim suffered "pretty severe" injuries from appellant; she sustained "multiple" beatings to her face and underwent surgery for her injuries. (May 10, 2005 Tr. at 13.) Appellant's infliction of such serious physical injuries on the victim indicates that appellant's offenses are "more serious than conduct normally constituting the offense[s.]" R.C. 2929.12(B)(2).
 {¶ 35} The trial court also noted that appellant "prey[ed]" on the victim, who was much younger. (May 10, 2005 Tr. at 13.) The trial court then recognized that such a factor makes appellant's offenses here more serious than conduct normally constituting the offenses. See R.C.2929.12(A).
 {¶ 36} Next, at the May 10, 2005 sentencing hearing, the trial court recognized appellant's "extensive" criminal history. (May 10, 2005 Tr. at 14.) Such criminal history is a factor that demonstrates that appellant "is likely to commit future crimes[.]" See R.C. 2929.12(D). Likewise, the trial court concluded that appellant showed no genuine remorse for his conduct here, another factor demonstrating appellant's likelihood of recidivism. See R.C. 2929.12(D)(5). *Page 15 
 {¶ 37} In light of the above, we conclude that neither appellant's marriage to the victim nor the victim's possible inability to visit or communicate with appellant while incarcerated negates the above-noted R.C. 2929.12 seriousness and recidivism factors that also figure into the R.C. 2929.11 felony sentencing purposes. We further conclude that the trial court's finding that appellant is not remorseful defies appellant's above-noted claim that we should reverse his prison sentences because they prevent him from making amends for his past mistakes.
 {¶ 38} Lastly, appellant asserts that his prison sentences are unjustified, pursuant to R.C. 2929.13(A), because of the financial burden that the state will incur to incarcerate appellant. R.C.2929.13(A) states, in pertinent part, that a "sentence shall not impose an unnecessary burden on state or local government resources."
 {¶ 39} Although resource burdens are relevant sentencing considerations under R.C. 2929.13(A), trial courts need not elevate resource conservation above seriousness and recidivism factors.State v. Wolfe, Columbiana App. No. 03 CO 45, 2004-Ohio-3044, at ¶ 15. Indeed:
 "* * * The court must also consider the benefit to society in assuring that an offender will not be free to reoffend. Many people sleep better at night knowing that certain offenders are incarcerated. They would no doubt consider a lengthy incarceration worth the cost of housing those offenders."
Id. at ¶ 17, quoting State v. Vlahopoulos, 154 Ohio App.3d 450,2003-Ohio-5070, at ¶ 5. Thus, considering the seriousness and recidivism factors involved in appellant's case, we reject appellant's contention that, pursuant to R.C. 2929.13(A), his prison sentences constitute an "unnecessary burden" on government resources. *Page 16 
 {¶ 40} Accordingly, based on the above, we uphold appellant's sentences, applying the clear and convincing as contrary to law standard. As such, we overrule appellant's single assignment of error, and we affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
 KLATT and McGRATH, JJ., concur. *Page 1